**Jeffrey DICKS, Plaintiff–Appellant,**

v.

**Janet CHOW, Ms., of the Binding Together Inc.; Joseph Williams, Warden of Lincoln Correctional Facility; Members of the Temporary Release Committee, Defendants–Appellees.**

No. 03–0306.

United States Court of Appeals, Second Circuit.

Dec. 2, 2004.

Jeffrey Dicks, Brooklyn, NY, for Plaintiff–Appellant, pro se.

Present: CALABRESI, B.D. PARKER, Jr., and RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is **AFFIRMED.**

In October 2002, plaintiff-appellant Jeffrey Dicks, proceeding *pro se* while incarcerated, filed a complaint pursuant to 42 U.S.C. § 1983. Dicks alleged a number of civil rights violations related to his removal from a work release program and sought $7.5 million in damages, as well as equitable relief. In August 2003, Dicks sent the district court a letter requesting the withdrawal of his "petition" and the return of his "papers." In September 2003, the district court, construing Dicks' letter as a request for voluntary dismissal, granted the motion and dismissed the complaint without prejudice. In October 2003, Dicks filed this appeal, requesting that we "reverse[ ] the withdrawal and allow the proceedings ... to be addressed and handled in a Court."

The district court did not err in construing Dicks' letter as a request for voluntary dismissal. *See Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir.1996) ("[T]he pleadings of a *pro se* plaintiff must be read liberally and should be interpreted to raise the strongest arguments that they suggest.") (internal quotes and citation omitted). Nor did the court, in granting Dicks' motion, deny Dicks the remedy he now seeks; the court's dismissal was specifically without prejudice to refiling the lawsuit at a later time, and so Dicks is now free to file an identical or amended complaint at a time of his choosing.

We have considered all of Dicks' arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.